UNITED STATES v. LEHIGH VALLEY RY. CO. et al. (two cases). SAME
v. SCHAEFER et al. (two cases). SAME v. LEHIGH VALLEY
RY. CO. (two cases).

(District Court, S. D. New York. January 29, 1918.)

Nos. D4336–D4341.

1. CARRIERS ⬤═➤38—INTERSTATE COMMERCE—DISCRIMINATION—OFFENSES.
   Under the statute declaring that every person or corporation, whether
   shipper or carrier, who shall knowingly offer, grant, or give, or solicit, ac-
   cept, or receive rebates, etc., shall be guilty of a misdemeanor, the mere
   offer by a carrier is an offense.

2. CARRIERS ⬤═➤38—INTERSTATE COMMERCE—DISCRIMINATIONS—INDICTMENT.
   An indictment charging that railroads had not collected demurrage, and
   that the shippers had not paid it, *held* insufficient to charge the offense
   of discrimination, etc.

3. CARRIERS ⬤═➤38—INTERSTATE COMMERCE—DISCRIMINATION—INDICTMENT.
   Indictments charging that, while an embargo in respect to the transpor-
   tation of hay was in force, a railroad company did unlawfully offer, grant,
   and give permits for transportation to certain shippers, while others simi-
   larly situated did not receive certain permits, *held* insufficient to charge
   the offense of discrimination, etc., it not being alleged there was any
   transportation, etc.

4. CARRIERS ⬤═➤32(2)—INTERSTATE COMMERCE—"DISCRIMINATION."
   Transportation pursuant to authorizations given one shipper while an
   embargo was enforced against others is an unlawful "discrimination," and
   constitutes a violation of statute.
   [Ed. Note.—For other definitions, see Words and Phrases, First and
   Second Series, Discrimination.]

5. CARRIERS ⬤═➤32(1)—INTERSTATE COMMERCE—EMBARGOES—DISCRIMINATION.
   That a railroad embargo was illegal does not make discriminatory trans-
   portation under it legal.

The Lehigh Valley Railway Company and others were indicted for
conspiracy; Charles Schaefer, Sr., and another, were indicted for
knowingly soliciting, accepting, and receiving a concession from a rail-
road company; the Lehigh Valley Railway Company was indicted for
knowingly offering, granting and giving a concession in respect to
transportation, etc.; Charles Schaefer, Sr., and another, were indicted
for knowingly soliciting, accepting, and receiving a concession and dis-
crimination in regard to shipments; the Lehigh Valley Railway Com-
pany and another were indicted for knowingly offering, granting, and
giving a discrimination, etc.; and the Railway Company was indicted
for willful failure to strictly observe its tariffs. On demurrers to in-
dictments. Demurrers sustained in part, and defendants given leave
to plead over, where overruled.

Francis G. Caffey, U. S. Atty., and Julian Hartridge, Asst. U. S.
Atty., both of New York City.

Henry A. Wise, of New York City, for defendants Lehigh Valley
Ry. Co. and Signer.

Herbert Goldmark, of New York City, for defendants Schaefer.

⬤═➤For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

MAYER, District Judge. Indictments were filed against the Lehigh Valley Railroad Company, Fred E. Signer, Charles Schaefer, Sr., and Charles Schaefer, Jr., as follows:

(1) D 4336. Against all the above-named parties, for conspiracy. Section 37, Criminal Code (Act March 4, 1909, c. 321, 35 Stat. 1096 [Comp. St. 1916, § 10201]).

(2) D 4337. Against the two Schaefers, for knowingly soliciting, accepting, and receiving a concession from the Lehigh Valley, etc. (ten counts, re boat demurrage). Section 1, Elkins Act (Act Feb. 19, 1903, c. 708, 32 Stat. 847), as amended June 29, 1906 (34 Stat. 587, c. 3591 [Comp. St. 1916, § 8597]).

(3) D 4339. Against the Lehigh Valley, for knowingly offering, granting, and giving a concession to Schaefer firm, in respect of the transportation of hay, whereby such property was by a device transported at a less rate than that named in the tariffs (ten counts, re boat demurrage). Section 1, Elkins Act, as amended June 29, 1906.

(4) D 4340. Against the two Schaefers, for knowingly soliciting, accepting, and receiving a concession and discrimination from the Lehigh Valley, in regard to shipments of hay (five counts, re receiving "authorizations"; five counts, re actual transportation of hay).

(5) D 4341. Against Lehigh Valley and Signer, for knowingly offering, granting, and giving a concession and discrimination to the Schaefer firm in respect to the transportation of carload shipments of hay, whereby advantages were given and discriminations practiced (five counts, re granting "authorizations"; five counts, re actual transportation of hay). Section 1, supra.

(6) D 4338. Against Lehigh Valley for willful failure strictly to observe tariffs (ten counts). Section 1, supra.

Defendants filed demurrers to each of the above-mentioned six indictments. In respect of indictment (6), D 4338, the attorneys for the Lehigh Valley Railroad Company have requested that they be permitted to withdraw the demurrer and to plead over. Such permission is herewith given.

Since the oral argument, the government has taken over the executive administration of the railroads and the questions involved (except as they affect the particular defendants herein) do not seem to have the broad importance which apparently they possessed at the time of the argument. By this I merely mean that the determination of the interesting questions involved now concerns only situations which arose prior to the exercise of government control, and that, in view of present government administration, it will be some time before these questions will be of practical importance as affecting the future conduct of carriers and shippers. Because of what has been stated supra, I shall dispose of the questions, with a brief statement of my reasons, and without setting forth any elaborate analysis of cases.

[1] *Conspiracy Indictment (No. D 4336).* The statute provides:

"Every person or corporation, whether carrier or shipper, who shall, knowingly, offer, grant, or give, or solicit, accept or receive any such rebates, concession, or discrimination shall be deemed guilty of a misdemeanor. * * *" Comp. St. 1916, § 8597.

To constitute the crime it is not necessary that the railroad should "offer" *and* the shipper "accept" the discrimination. The mere offer of the rebate, concession, or discrimination, knowingly made by the railroad, is one of the offenses denounced by the statute. The proof may show that the unlawful agreement was that there should be given, and at the same time received, the discrimination complained of. If the proof so develops, the trial judge can deal with the question as he may be advised, and will consider that he is not to be hampered by this memorandum opinion. Here, however, the question must be dealt with as it appears on the face of the indictment. The indictment charges, not only that the railroad and its duly authorized agent and the shippers conspired, but makes as parties to the conspiracy the old-time "divers other persons to the grand jurors unknown." In many conspiracy cases these "divers other persons" unknown to the grand jury never appear and are never mentioned; but the court, in passing on the indictment, must assume that there are such divers other and unknown persons. I think the indictment is good, and the demurrer is overruled.

[2] *Boat Demurrage Concessions (Nos. D 4337 and D 4339).* Stripped of indictment language, all that these indictments amount to is a charge in one indictment that the railroads have not collected demurrage and a charge in the other indictment that the shippers have not paid it. The use of the word "unlawfully" does not help out, because this is merely a conclusion. While, under certain circumstances, a device need not be set forth in the indictment, yet when, in point of fact, it is set forth, the court can determine whether such device is of a character to constitute or help constitute the crime charged. Of course it is plain that what is sought to be shown is that there was an agreement or understanding by which demurrage should not be collected; but these indictments do not set forth an agreement, but are drawn in such a way as to amount merely to charging that the railroad has not collected certain accrued and proper charges and that the shipper has not paid them. The demurrer to each of these indictments is sustained.

[3] *Discrimination re Transportation of Hay (No. D 4341).* This indictment contains ten counts, and may be subdivided into two heads—those counts numbered 1 to 5, inclusive, and those numbered 6 to 10, inclusive. As to counts 1 to 5, inclusive, the indictment sets forth that there was an embargo in respect of the transportation of hay, and that hay would not be transported for shippers by the Lehigh unless a permit or authorization for such transportation was obtained from Signer, acting for the Lehigh; that the Schaefers received such permits, while others similarly situated did not, even though these others requested such permits or authorization.

The mere receiving of permits, unaccompanied by transportation, is not a crime under the act; for the act provides that it is unlawful to "offer, grant or give * * * any rebate, concession or discrimination *in respect to the transportation* of any property in interstate * * * commerce."

If there is no transportation, the mere giving of a permit is an idle act, although the case might be different if the railroad "offered" to transport.

It is sought to sustain these counts because the indictment charges that defendants "did knowingly offer" the alleged concession and discrimination to the Schaefers. Such an argument relies upon the form of words rather than their substance.

Take, for instance, count 1 as illustrative. What the indictment charges against defendants is that they "did * * * knowingly grant" (not offer) to the Schaefers authorizations for 57 carloads of hay. The word "offer," where it appears in this and the similar counts, may therefore be treated as surplusage, or as disregarded, because plainly inconsistent with the facts as definitely set forth in the indictment. The demurrer to the five counts is sustained.

[4, 5] As to the remaining counts, the points raised by defendants go rather to the proof than to the indictment. Transportation pursuant to authorizations to one shipper, and denials to others similarly situated· is clearly a violation of the statute. Whether the shippers are similarly situated is a question of fact (or possibly of law) to be determined on the evidence. If the embargo was illegal, that does not make discriminatory transportation under it legal.

Demurrers to counts 6 to 10, inclusive, overruled.

*Discrimination re Transportation of Hay (No. D 4340).* As to the first five counts, the case is even stronger, if anything, for defendants than in No. D 4341. Demurrer to these counts sustained. Demurrer to counts 6 to 10, inclusive, overruled.

Defendants may, of course, plead over in those instances where the demurrers are overruled.